IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Finishing Touch Stain & Lacquer, LLC | ) | C.A. No. 6:07-cv-00783-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Tru-Logistics, Inc. and Therma-Tru Corp., | ) | **O R D E R** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on [8] Motion for Default Judgment and [17] Motion to Strike

Answer by Plaintiff, Finishing Touch Stain and Lacquer, and [10] Motion to Set Aside Default and [16]

Motion for Hearing by Defendants, Tru-Logistics, Inc. and Therma-Tru Corporation.[1]

The Summons and Complaint in this matter were served upon the defendants through service

on their registered agents on March 23, 2007. No timely answer was filed with the Court, and the Clerk

made an entry of default as to the defendants on April 17, 2007. On April 20, 2007, defendants filed

a motion to set aside default judgment[2] on grounds that counsel for the plaintiff had engaged in

numerous written and verbal communications with in-house patent counsel for the defendant, located

in Illinois, and that plaintiff's counsel failed to disclose to him that service had been obtained.

Fed. R. Civ. P. 55(c) provides that the Court may, for good cause shown, set aside an entry of

default. This is a lesser standard than the standard of excusable neglect required in setting aside a

default judgment. "With respect to the setting aside of an entry of default, the rule expresses the

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

[2] The motion more properly should have requested relief from the Clerk's entry of default.

traditional inherent equity power of the federal courts." 10A, CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2692 (3d ed. 1998). Factors which should be considered by the Court include whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the opposing party, whether there is a history of dilatory action, and the availability of less drastic sanctions. *Lolatchy v. Arthur Murray, Inc*., 816 F.2d 951, 953 (4th Cir. 1987).

Applying these factors to the case at bar, the Court finds that the defendants have made a sufficient showing of good cause to set aside the entry of default. As to the factor of a meritorious defense, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). The defendants' Answer has alleged as an affirmative defense that the Complaint fails to state a claim due to their allegations that one or more claims of the '475 Patent were invalid for failure to comply with one or more of the requirements to patentability under federal law. Defendants further allege that, if the claims are valid, the methods practiced or products made by the defendants do not infringe the claims. Defendants also make other allegations, including a counterclaim for declaratory relief. Therefore, the defendants have sufficiently alleged a "meritorious defense".

The second factor to be considered is the promptness of the defendants' actions in attempting to set aside the default. The defendants acted promptly in filing their motion to set aside the default, as the Clerk entered default on April 17, 2007 and the motion to set aside default was filed on April 20, 2007. As to the third factor, the personal responsibility of the defaulting party, the defendants have contended that they reasonably believed that service had not been attained, based upon ongoing

communications between plaintiff's counsel and defendant's in-house counsel.  Regarding the fourth factor, prejudice to the plaintiff, the Court believes there is no prejudice to the plaintiff.  The Court also notes that no motion for temporary or preliminary injunctive relief had been filed with the Court.  Therefore, the Court finds that plaintiff has not satisfactorily shown that it will suffer prejudice from the Court setting aside the default.  Finally, there is no evidence of dilatory tactics on the part of the defendants, and the Court finds no reason to impose sanctions upon the defendants under the circumstances of this case.  To impose the drastic sanction of default judgment at this early stage of the litigation, rather than setting aside the entry of default, is not warranted considering all the above factors.

Based upon the memoranda and submissions of the parties, the Court grants [10] Motion to Set Aside Default, denies [8] Motion for Default Judgment, and denies [16] motion for hearing and [17] Motion to Strike the Answer.

**AND IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 11, 2007
Florence, SC