IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Finishing Touch Stain & Lacquer, LLC, | ) | CASE NO. 6:07-CV-00783-HMH |
| | ) | |
| Plaintiff, | ) | **[JURY TRIAL DEMANDED]** |
| | ) | |
| v. | ) | **TRU-LOGISTICS, INC. AND THERMA-** |
| | ) | **TRU CORP.'S ANSWER TO FIRST** |
| Tru-Logistics, Inc., Therma-Tru Corp. and | ) | **AMENDED COMPLAINT,** |
| J&E Finishing, Inc., | ) | **AFFIRMATIVE DEFENSES, AND** |
| | ) | **COUNTERCLAIM** |
| Defendants. | | |

Pursuant to Rules 8 and 12 of the Federal Rule of Civil Procedure, Defendant Tru-Logistics, Inc. ("Tru-Logistics") and Defendant Therma-Tru Corporation ("Therma-Tru") (collectively "Defendants"), by and through counsel, for their Answer to First Amended Complaint, Affirmative Defenses, and Counterclaim in response to the Complaint of Plaintiff Finishing Touch Stain & Lacquer, LLC ("Plaintiff") state as follows:[1]

## JURISDICTION AND VENUE

1.    Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338.

2.    Defendants admit that they sell, offer to sell, and/or distribute for sale products in this district and division and that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Defendants deny the remainder of the averments of paragraph 2 of the Complaint.

## PARTIES

---

[1] To Defendants' knowledge, J&E Finishing, Inc. has not yet been served with the First Amended Complaint. J&E Finishing, Inc. will separately respond to the First Amended Complaint at the appropriate time.

{00166643.DOC;1}

3. Defendants are without knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 3 of the Complaint and, therefore, deny the same.

4. Defendants admit that Tru-Logistics is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 10435 Okanella Street, Houston, Texas 77041.

5. Defendants admit the averments of paragraph 5 of the Complaint.

6. Upon information and belief, Defendants admit the averments of paragraph 6 of the Complaint.

7. Defendants admit that J&E Finishing, Inc. applies finish coating materials to fiberglass door slabs owned by Therma-Tru.

8. Defendants admit the averments of paragraph 8 of the Complaint.

9. Defendants admit that they regularly transact, solicit, and/or do business in this State, contract to supply services or things in this State, derive substantial revenue from goods used or consumed or services rendered in this State, and/or produce, manufacture or distribute goods with a reasonable expectation that those goods are to be used or consumed in this State, and that they are subject to the personal jurisdiction of this Court.  Defendants deny the remainder of the averments of paragraph 9 of the Complaint, and specifically deny that they have committed a tortious act in whole or in part in this State or caused a tortious injury in this State by an act or omission outside this State.

10. Defendants admit that United States Patent No. 6,979,475 ("the '475 Patent") issued on December 27, 2005.  Defendants deny that the '475 Patent was duly and lawfully issued.  Defendants are without knowledge and information sufficient to form a belief as to the

truth of the remaining averments in paragraph 10 of the Complaint, and, therefore, deny the same.

11. Defendants deny the averments of paragraph 11 of the Complaint.

12. Defendants deny the averments of paragraph 12 of the Complaint.

13. Defendants deny the averments of paragraph 13 of the Complaint.

14. Defendants admit that they sell, offer to sell, and/or distribute for sale fiberglass doors and related products to purchasers in this district and division and across the United States. Defendants deny the remainder of the averments in paragraph 14 of the Complaint.

15. Defendants admit that they sell fiberglass doors and related products under the marks Classic-Craft®, Fiber-Classic® and Benchmark™. Defendants further admit that fiberglass doors sold under the mark Benchmark™ are made available to customers within this district and division and throughout the United States through Lowe's. Defendants deny the remainder of the averments in paragraph 15 of the Complaint.

## **COUNT ONE**

16. Defendants reaver their admissions and denials as if set forth fully herein.

17. Defendants deny the averments of paragraph 17 of the Complaint.

18. Defendants deny the averments of paragraph 18 of the Complaint.

19. Defendants deny the averments of paragraph 19 of the Complaint.

20. Defendants deny the averments of paragraph 20 of the Complaint.

21. Defendants deny the averments of paragraph 21 of the Complaint.

**AFFIRMATIVE DEFENSES**

22. Plaintiff's First Amended Complaint fails to state any claim upon which relief can be granted and should, therefore, be dismissed pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

23. On information and belief, one or more claims of the '475 Patent were and are at all times invalid for failure to comply with one or more of the requirements for patentability specified in the patent laws of the United States, including §§ 101, 102, 103, and 112 of Title 35, United States Code.

24. On information and belief, if any of the claims of the '475 Patent were at any or all times valid and enforceable, the methods practiced or products made, used, or sold by Defendants did not and do not infringe any of the claims in any of the '475 Patent.

25. Properly construed, no valid claim in the '475 Patent covers any method practiced or product made, used, or sold by Defendants.

26. By reason of positions taken by the applicant to secure the issuance of the '475 Patent in the United States Patent and Trademark Office in response to Office Actions by the Patent Examiner, Plaintiff is barred by prosecution history estoppel from any application of the doctrine of equivalents that would be necessary for infringement of any of the claims in any of the '475 Patent by any method practiced or product made, used, or sold by Defendants.

26. On information and belief, the '475 Patent had not been or is not being directly infringed by a third party and, therefore, there can be no inducing infringement or contributory infringement as alleged by Plaintiff in the Complaint.

27.     Defendants have not actively induced and do not actively induced others to directly infringe any of the '475 Patent because Defendants have not intended and do not intend to induce direct infringement.

28.     The '475 Patent is unenforceable due to the misrepresentations and failures of the named inventor, Reid Dresser, and his patent attorney, Neal P. Pierotti, to disclose information to the United States Patent and Trademark Office that would have been material to the examination of the application that issued as the '475 Patent.

29.     As one example of such conduct, the Patent Examiner cited Porter, U.S. Patent No. 6,201,057 in combination with other prior art to reject pending claims 1-8 as being unpatentable for obviousness under 35 U.S.C. §103(a).  The Examiner relied on Porter's teaching, *inter alia*, of "removing excess stain, e.g. by wiping (col. 4, 54-58) . . . and therefore having a portion [of stain] removed."  The Porter '057 Patent is assigned on its face and is still owned by Defendant Therma-Tru Corporation.

30.     In response Mr. Dresser and Mr. Pierotti, in an apparent attempt to mischaracterize what the Porter '057 Patent actually teaches, told the Patent Examiner that Porter "only discloses the removal of excess stain and does not disclose the removal of a portion of the stain from a raised portion of a three dimensional wood grain surface so that a portion of a base coat is uncovered by the stain " and "[n]owhere does Porter disclose removing a portion of the stain."

31.     Mr. Dresser and Mr. Pierotti knew, or should have known, that (i) the removal of excess stain by wiping from a thermoplastic door skin that is compression molded to exhibit a wood grain appearance as described in the Porter '057 Patent necessarily removes a portion of the stain from the raised portions of the three dimensional wood grain surface, and (ii)  this

information was material to the examination of the application that issued as the '475 Patent in that it rendered the claimed invention obvious. In fact, the step in the Porter '057 Patent of "removing excess stain, e.g. by wiping (col. 4, 54-58)" cited by the Patent Examiner is the very same step of removing excess stain that Plaintiff now accuses of infringement. Thus, Mr. Dresser and Mr. Pierotti clearly misrepresented to the Patent Examiner the actual teachings of the Porter '057 Patent.

32.     Defendants reserve the right to raise additional affirmative defenses as they arise during the course of discovery and are appropriate.

## COUNTERCLAIM

Under the provisions of Rules 7 and 8 of the Federal Rules of Civil Procedure, Counterclaim Plaintiff Tru-Logistics, Inc. ("Tru-Logistics") and Counterclaim Plaintiff Therma-Tru Corporation ("Therma-Tru") (collectively "Counterclaim Plaintiffs"), by and through counsel, bring the following Counterclaim against Counterclaim Defendant Finishing Touch Stain & Lacquer, LLC ("Counterclaim Defendant" or "Finishing Touch"):

## THE PARTIES

1.     Counterclaim Plaintiff Tru-Logistics is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 10435 Okanella Street, Houston, Texas 77041.

2.     Counterclaim Plaintiff Therma-Tru is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 1750 Indian Wood Circle, Maumee, Ohio 43537.

3.     On information and belief, Counterclaim Defendant Finishing Touch is a limited liability company organized and existing under the laws of the State of North Carolina with a

principal place of business at 4125 Sinclair Street, Denver, North Carolina 28037.

## JURISDICTION AND VENUE

4. This is a civil action for a declaratory judgment that United States Patent No. 6,979,475 ("the '475 Patent") is invalid and not infringed by Defendants, either directly, contributorily, or by inducing infringement.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  This is an action under the Patent Laws of the United States 35 U.S.C. §§ 1-376, which provide for original jurisdiction in actions arising under the Patent Act.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## DECLARATORY JUDGMENT OF PATENT
## NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY

7. On March 21, 2007, Counterclaim Defendant Finishing Touch filed suit against Counterclaim Plaintiffs in the United States District Court for the District of South Carolina alleging infringement of the '475 Patent by Counterclaim Plaintiffs.  On November 7, 2007, Counterclaim Defendant Finishing Touch filed its First Amended Complaint also alleging infringement of the '475 Patent by Counterclaim Plaintiffs.

8. As a result of the aforementioned suit, an actual and justiciable controversy exists between the parties.

9. The '475 Patent is invalid for failure to comply with the requirements of Part II of Title 35 of the United States Code.

10. Counterclaim Plaintiffs have not directly infringed, contributorily infringed, nor induced the infringement of any of the claims in the '475 Patent.

11. On information and belief, the '475 Patent is not being directly infringed by any

third party and, therefore, there can be no inducing infringement or contributory infringement as alleged by Counterclaim Defendant in the Complaint.

12.     The '475 Patent is unenforceable due to the misrepresentations and failures of the named inventor, Reid Dresser, and his patent attorney, Neal P. Pierotti, to disclose information to the United States Patent and Trademark Office that would have been material to the examination of the application that issued as the '475 Patent.

13.     As one example of such conduct, the Patent Examiner cited Porter, U.S. Patent No. 6,201,057 in combination with other prior art to reject pending claims 1-8 as being unpatentable for obviousness under 35 U.S.C. §103(a).  The Examiner relied on Porter's teaching, *inter alia*, of "removing excess stain, e.g. by wiping (col. 4, 54-58) . . . and therefore having a portion [of stain] removed."  The Porter '057 Patent is assigned on its face and is still owned by Defendant Therma-Tru Corporation.

14.     In response Mr. Dresser and Mr. Pierotti, in an apparent attempt to mischaracterize what the Porter '057 Patent actually teaches, told the Patent Examiner that Porter "only discloses the removal of excess stain and does not disclose the removal of a portion of the stain from a raised portion of a three dimensional wood grain surface so that a portion of a base coat is uncovered by the stain " and "[n]owhere does Porter disclose removing a portion of the stain."

15.      Mr. Dresser and Mr. Pierotti knew, or should have known, that (i) the removal of excess stain by wiping from a thermoplastic door skin that is compression molded to exhibit a wood grain appearance as described in the Porter '057 Patent necessarily removes a portion of the stain from the raised portions of the three dimensional wood grain surface, and (ii)  this information was material to the examination of the application that issued as the '475 Patent in

that it rendered the claimed invention obvious.  In fact, the step in the Porter '057 Patent of "removing excess stain, e.g. by wiping (col. 4, 54-58)" cited by the Patent Examiner is the very same step of removing excess stain that Plaintiff now accuses of infringement.  Thus, Mr. Dresser and Mr. Pierotti clearly misrepresented to the Patent Examiner the actual teachings of the Porter '057 Patent.

WHEREFORE, Counterclaim Plaintiff Tru-Logistics and Counterclaim Plaintiff Therma-Tru request the following relief:

1. That Finishing Touch's Complaint be dismissed with prejudice against Tru-Logistics and Therma-Tru, and that Tru-Logistics and Therma-Tru recover judgment for their costs and disbursements incurred herein.

2. That the '475 Patent be declared invalid, unenforceable, and not infringed by Tru-Logistics and Therma-Tru.

3. That Finishing Touch, its officers, directors, agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from charging infringement or instituting any action for infringement of the '475 Patent against Tru-Logistics and Therma-Tru, and their customers.

4. That Finishing Touch, its officers, directors, agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from publicizing, alleging or asserting the existence of a lawsuit against Tru-Logistics and Therma-Tru, or otherwise threatening their customers with lawsuits for patent infringement.

5. That this case be declared exceptional and Tru-Logistics and Therma-Tru be

awarded their costs, expenses, and reasonable attorney's fees.

      6.    That Tru-Logistics and Therma-Tru have such further relief as this Court may deem as just and proper.

                Respectfully submitted,

Dated: November 20, 2007         By: /s/ Bradford N. Martin
         Bradford Neal Martin (SC Fed. Bar # 3310)
         Keely M. McCoy (SC Fed. Bar # 9594)
         Laura W. H. Teer (SC Fed. Bar # 7523)
         **BRADFORD NEAL MARTIN &**
          **ASSOCIATES, P.A.**
         75 Beattie Place, Suite 910
         Post Office Box 10410
         Greenville, SC 29603
         Telephone: 864-552-9990
         Fax: 864-552-9992
         bmartin@bnmlaw.com
         kmccoy@bnmlaw.com
         lteer@bnmlaw.com

         *Of Counsel:*
         John T. Wiedemann (OH Bar #0065844)
         Georgia E. Yanchar (OH Bar #0071458)
         Jennifer B. Wick (OH Bar #0074340)
         **CALFEE, HALTER & GRISWOLD LLP**
         1400 Key Bank Center
         800 Superior Avenue
         Cleveland, Ohio 44114-2688
         216-622-8200
         Fax: 216-241-0816
         jwiedemann@calfee.com
         gyanchar@calfee.com
         jwick@calfee.com

         Counsel for Defendants and Counterclaim Plaintiffs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Finishing Touch Stain & Lacquer, LLC, | ) | CASE NO. 6:07-CV-00783-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Tru-Logistics, Inc. and Therma-Tru Corp., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>JURY DEMAND</u>**

Pursuant to the provisions of the Federal Rules of Civil Procedure, a trial by jury is hereby demanded for all issues properly triable before a jury.

Dated: <u>November 20, 2007</u>          By:  /s/ Bradford N. Martin
                                                Bradford Neal Martin (SC Fed. Bar # 3310)
                                                Keely M. McCoy (SC Fed. Bar # 9594)
                                                Laura W. H. Teer (SC Fed. Bar # 7523)
                                              **BRADFORD NEAL MARTIN &**
                                                **ASSOCIATES, P.A.**
                                              75 Beattie Place, Suite 910
                                              Post Office Box 10410
                                              Greenville, SC 29603
                                              Telephone:  864-552-9990
                                              Fax:  864-552-9992
                                              bmartin@bnmlaw.com
                                              kmccoy@bnmlaw.com
                                              lteer@bnmlaw.com

*Of Counsel:*
   John T. Wiedemann (OH Bar #0065844)
   Georgia E. Yanchar (OH Bar #0071458)
   Jennifer B. Wick (OH Bar #0074340)
   **CALFEE, HALTER & GRISWOLD LLP**
   1400 Key Bank Center
   800 Superior Avenue
   Cleveland, Ohio 44114-2688
   216-622-8200
   Fax:  216-241-0816
   jwiedemann@calfee.com
   gyanchar@calfee.com
   jwick@calfee.com

Counsel for Defendants and Counterclaim
   Plaintiffs.

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 20, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Thomas E. Vanderbloemen
        Jennifer E. Johnsen
        GALLIVAN, WHITE & BOYD, P.A.
        55 Beattie Place, Suite 1200
        P.O. Box 1058, F.S.
        Greenville, South Carolina 29603

By: /s/ Bradford N. Martin
        Bradford Neal Martin (SC Fed. Bar # 3310)
        Keely M. McCoy (SC Fed. Bar # 9594)
        Laura W. H. Teer (SC Fed. Bar # 7523)
        **BRADFORD NEAL MARTIN & ASSOCIATES, P.A.**
        75 Beattie Place, Suite 910
        Post Office Box 10410
        Greenville, SC 29603
        Telephone: 864-552-9990
        Fax: 864-552-9992
        bmartin@bnmlaw.com
        kmccoy@bnmlaw.com
        lteer@bnmlaw.com